

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 11, 1948

Hon. James C. Martin
County Attorney
County of Nueces
Corpus Christi, Texas

Opinion No. V-518

Re: Authority to purchase
and operate a County
Tubercular Hospital
from current funds.

Attention:  Hon. Faires P. Wade

Dear Sir:

Your request for an opinion of this Department relating to the establishment of a County Tubercular Hospital is substantially as follows:

"I have been requested by the County Judge of Nueces County, Texas, for an opinion with regard to the authority of the Commissioners' Court to purchase and operate a County Tubercular Hospital and pay all costs out of current funds.

"First, is it necessary that an election be held to authorize the establishment of such a hospital where it is not necessary to issue bonds for financing the operation? Second, can the Court appoint a Board of Managers for such hospital?

Article 4478, V. C. S., reads, in part, as follows:

"The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. . ."

This Department in construing the foregoing statute held that unqualified general power is conferred upon the Commissioners' Court to establish and to enlarge hospitals for county purposes, although bonds are

not issued or contemplated as provided under other Articles of the Title.  Opinions Nos. 0-4569 and 0-6433.

Article 4493, V. C. S., is as follows:

"Where no county hospital is now provided for the purpose aforesaid, or where such provision is inadequate, the commissioners court of each county which may have a city with a population of more than ten thousand persons, within six months from the time when such city shall have attained such population, such population to be ascertained by such court in such manner as may be determined upon resolution thereof, shall provide for the erection of such county hospital or hospitals as may be necessary for that purpose, and provide therein a room or rooms, or ward or wards for the care of confinement cases, and a room or rooms or ward or wards for the temporary care of persons suffering from mental or nervous disease, and also make provision in separate buildings for patients suffering from tuberculosis and other communicable diseases, and from time to time add thereto accommodations sufficient to take care of the patients of the county. This time may be extended by the State Board of Health for good cause shown. Unless adequate funds for the building of said hospital can be derived from current funds of the county available for such purpose, issuance of county warrants and script, the commissioners court shall submit, either at a special election called for the purpose, or at a regular election, the proposition of the issuance of county bonds for the purpose of building such hospital. If the proposition shall fail to receive a majority vote at such election said court may be required thereafter at intervals of not less than twelve months, upon petition of ten per cent of the qualified voters of said county, to submit said proposition until same shall receive the requisite vote authorizing the issuance of the bonds. Id." (Emphasis ours)

In the case of Glimpse v. Bexar County, 160 S. W. (2d) 996, the court cited with approval Article

4493, stating:

> "The order for the bond election was passed by the Bexar County Commissioners' Court under authority of Article 4493, a part of Chapter 5, Title 71, Vernon's Ann. Civ. Stats., which is set out in the margin.

> "This order is necessarily based upon a finding that the then existing hospital facilities for the treatment of tuberculosis patients were inadequate."

Although certain portions of the Act (Acts 1913, 33rd Leg., Chapter 39, p. 71) which is now Article 4478, et seq. appear vague, nevertheless the same has been approved and followed in Glimpse v. Bexar County, supra. It is the opinion of this Department that the provisions of the Act are sufficiently broad in scope to furnish authority for Nueces County to establish a Tubercular Hospital, provided the same is in compliance with Article 4493. Inasmuch as your opinion request reflects the establishment of such a hospital from current funds, the costs for the purchase would necessarily come from the Permanent Improvement Fund, and the costs of the operation and maintenance from the General Fund.

Your first question is answered in the negative inasmuch as Article 4493, V. C. S., authorizes the establishment of a Tubercular Hospital provided adequate funds may be derived from current funds and such a finding is left to the sole discretion of the Commissioners' Court as to the adequacy of such funds.

Article 4479, V. C. S., provides, in part, as follows:

> "When the commissioners' court shall have acquired a site for such hospital and shall have awarded contracts for the necessary buildings and improvements thereon, it shall appoint six resident property taxpaying citizens of the county who shall constitute a board of managers of said hospital. The term of office of each member of said board shall be two years, except that in making the first appointments after this Act

takes effect three members shall be appointed for one year and three members for two years so that thereafter three members of said board will be appointed every two years
. . ."

Under the above statute your second question is answered in the affirmative. The appointment of a Board of Managers should be in compliance with the provisions of Article 4479, V. C. S.

### SUMMARY

If the conditions of Article 4493, V. C. S., are met, Nueces County is authorized to purchase and operate a County Tubercular Hospital from current funds, the necessity for the establishment thereof and the adequacy of funds to be determined by the Commissioners' Court. Pursuant to Article 4479, V. C. S., a Board of Managers for such hospital may be appointed. Articles 4478 and 4493, V. C. S.; Glimpse v. Bexar County, 160 S. W. (2d) 996.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mv

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL